**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:

The Temple of Saint Petersburg, Inc.          Case No.: 8:10-bk-02355-CED
                                              Chapter 11

      Debtor.

_____/

## PLAN OF REORGANIZATION OR LIQUIDATION

The Debtor proposes a Plan of Reorganization that would divide its creditors into five classes. The Debtor intends to fund its Plan of Reorganization by refinancing or satisfying the existing first mortgage on the real property owned by the Debtor within one hundred twenty (120) days of the resolution of the of the litigation of its claims of tortuous interference with contractual/advantageous relationship, slander of title and the landlord-tenant issues disclosed in its schedule of assets, or which have occurred post-petition. However, in the event that the Debtor is unable to obtain a loan refinancing commitment or otherwise declares its intent to satisfy the existing first mortgage in the amount allowed by the Bankruptcy Court within ninety (90) days of the resolution of the litigation issues, the Debtor will implement a stalking horse auction/§363 of the bankruptcy Code sale procedure which will result in the sale of the subject property. In the event that the stalking horse auction /§363 sale procedure is implemented, the current first mortgage holder (Islamic Society) will have the ability to credit bid up to the amount of its allowed claim (which will be determined as part of the Debtor's litigation issues). The Debtor will also commence monthly adequate protection payments to the first mortgage holder in the amount of interest only payments payable at the rate of 6.5% of the outstanding indebtedness allowed by the Bankruptcy Court upon the issuance of a writ of possession against the Debtor's tenant of the subject property and the

payment of any money judgement which the Debtor may be awarded by a court of competent jurisdiction.

Upon the confirmation of the Debtor's Plan of Reorganization, The 2nd mortgage holder shall execute a satisfaction of mortgage and record the same in the public records of Pinellas County, Florida and be issued a new promissory note and mortgage in the amount of its allowed claim and which will provide for interest only payments. The  Debtor will issue a new promissory note and mortgage with a five year ballon payment in a favor of 2nd mortgagee upon the confirmation of the Debtor's Plan of Reorganization, and the Debtor  return to Florida. The Promissory Note will provide for interest only payments at the rate of 6.5% and will have a five year balloon.

The Debtor will issue priority creditors promissory notes for each year taxes are due and owing in the allowed amount as found by the United States Bankruptcy Court, and shall pay said indebtedness in full plus interest at the T-Bill rate within 60 months of the confirmation of the Debtors Plan of Reorganization is confirmed.

The Debtor will issue promissory notes to the Unsecured creditors in the full amount of their allowed claims within thirty days of the allowance of said claim. The promissory note will bear no interest provisions and shall be paid in 84 monthly installments.

**A.  CLASSIFICATION AND TREATMENT OF CLAIMS**

The Debtor proposes a plan which divides claims and interest into thirteen classes.  The proposed classes are as follows:

**Administrative claims and expenses:**

The Debtor shall pay all administrative claims and expenses upon confirmation of the Debtor's Plan of Reorganization, or as otherwise agreed between the parties involved.

**Class I:**    (Impaired) Proven and allowed secured claims of Pinellas County tax collector in the approximate amounts of $31,982.96 for 2007 taxes, $31,580.30 for 2008 taxes and $21,524.42, secured by a lien on the Debtor's Real Property to the same validity extent and priority it held pre-petition. The Debtor will then issuehas been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment due and owing this creditor. The Debtor proposes to cure the pre-petition arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class II:**    (Impaired) Proven and allowed secured claim of NMAC in the approximate amount of $29,967.31, secured by a lien on the Debtor's 2007 Nissan Armada (VIN 712519). The Debtor has been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment due and owing this creditor. The Debtor proposes to cure the pre-petition arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class III:** (Impaired) Proven and allowed secured claim of NMAC in the approximate amount of $15,050.06, secured by a lien on the Debtor's 2008 Nissan Frontier (VIN 400433). The Debtor has been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment due and owing this creditor. The Debtor proposes to cure the pre-petition arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class IV:** (Impaired) Proven and allowed secured claim of NMAC in the approximate amount of $18,200.00, secured by a lien on the Debtor's 2008 Nissan Frontier SE (VIN 402682). The Debtor has been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment due and owing this creditor. The Debtor proposes to cure the pre-petition arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class V:** (Impaired) Proven and allowed secured claim of NMAC in the approximate amount of $11,816.13, secured by a lien on the Debtor's 2006 Nissan

Frontier SE (VIN 414706). The Debtor has been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment due and owing this creditor. The Debtor proposes to cure the pre-petition arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class VI:**     (Impaired) Proven and allowed secured claim of NMAC in the approximate amount of $5,764.36, secured by a lien on the Debtor's 2006 Nissan Frontier XE (VIN 416381). The Debtor has been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment due and owing this creditor. The Debtor proposes to cure the pre-petition arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class VII:**     (Impaired) Proven and allowed secured claim of NMAC in the approximate amount of $14,444.16, secured by a lien on the Debtor's 2007 Nissan Frontier XE (VIN 416879). The Debtor has been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment

due and owing this creditor. The Debtor proposes to cure the pre-petition arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class VIII:**    (Impaired) Proven and allowed secured claim of NMAC in the approximate amount of $14,444.22, secured by a lien on the Debtor's 2007 Nissan Frontier (VIN 416876). The Debtor has been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment due and owing this creditor. The Debtor proposes to cure the pre-petition arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class IX:**    (Impaired) Proven and allowed secured claim of NMAC in the approximate amount of $14,734.12, secured by a lien on the Debtor's 2007 Nissan Frontier (VIN 431464). The Debtor has been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment due and owing this creditor. The Debtor proposes to cure the pre-petition

arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class X:**    (Impaired) Proven and allowed secured claim of SunTrust in the approximate amount of $1,788.39, secured by a lien on the Debtor's 2005 Nissan Frontier (VIN 407459). The Debtor has been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment due and owing this creditor. The Debtor proposes to cure the pre-petition arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class XI:**    (Impaired) Proven and allowed secured claim of SunTrust in the approximate amount of $5,544.99, secured by a lien on the Debtor's 2005 Nissan Frontier 2006 Nissan Frontier (VIN 425123). The Debtor has been making the post-petition payments to this creditor, and estimates that there is one pre-petition payment due and owing this creditor. The Debtor proposes to cure the pre-petition arrears within sixty (60) days of the entry of an Order confirming Chapter 11 Plan, and to stay current with its post-petition obligations to this

creditor until its lien is satisfied, and all amounts due and owing this creditor are paid in full. This creditor will retain its lien to the same validity, extent and priority it enjoyed pre-petition until paid in full.

**Class XII:**    (Impaired) Proven and allowed general unsecured claims. The Debtor estimates that there are approximately $481,868.44 of non-insider unsecured claims. Unsecured creditors will have a choice of: (1) accepting a promissory note in the amount equal to a ten (10%) percent distribution of their allowed pre-petition claim to be paid, in equal monthly installments within 24 months of the entry of an Order Confirming Plan of Reorganization; or (2) accepting a promissory note for a twenty-five (25%) percent distribution of its allowed claim payable over sixty (60) months of the entry of an Order Confirming Plan of Reorganization. In the event that a creditor does not choose a specific treatment hereunder, it will be presumed for the purposes of confirmation that any creditor which fails to select a treatment option will consent to the 10% - 24 month distribution option.

**Class XIII:**    (Impaired) Proven and allowed claims of equity security holders. Equity Security holders will retain their interests in the Debtor based on their contributions to the Reorganized Debtor post-petition.

## B.    STATEMENT REGARDING EXECUTORY CONTRACTS

The Debtor hereby assumes any executory contract or unexpired lease not specifically deemed rejected during these proceedings or herein. To the extent that the Debtor is in default under

said executory contracts or unexpired leases, said defaults will be cured within 180 days of the entry of an Order Confirming Plan of Reorganization.

### C.    ALTERNATIVES TO BANKRUPTCY

The Debtor proposes to fund its Plan of Reorganization from the continued operation of its business. In the event that this proposed Plan of Reorganization is not confirmed, the first lien holders would be permitted to recover the vehicles pledged as collateral for the amounts due and owing, and it is likely that they would be the only creditors to receive a meaningful distribution on their claims. It also appears that given the specialized nature of the Debtor's business, that any liquidation of the Debtor's assets would produce less than a 1% distribution to creditors. Therefore, it appears that it is in the best interests of all parties to allow the Debtor to attempt its repayment plan by confirming the Debtor's proposed Plan of Reorganization.

### XIII.  CONCLUSION

The Plan of Reorganization proposed by the Debtor provides the best means by which all creditors get paid at least some distribution on their allowed claims in a reasonable period of time. Therefore, it appears to be in the best interests of all creditors, the Debtor, and the bankruptcy estate to confirm the Debtor's proposed Plan of Reorganization.

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Amended Plan of Reorganization has been sent this January 12, 2010, to all parties participating in CM/ECF Electronic Noticing; the Office of United States Trustee, Timberlake Annex, 501 East Polk Street, Suite 1200, Tampa, FL 33602.

/s/ Joel S. Treuhaft

Joel S. Treuhaft, Esq.

2997 Alternate 19, Suite B

Palm Harbor, Florida 34683

(727) 797-7799

Facsimile: (727) 213-6933

FBN: 516929